# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | |
|---|---|
| RICHARD KELLEY and <br> LAURA KELLEY, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL FITNESS CENTER, INC., <br> DIMITRA K. CLARK, OPTIMA <br> RECOVER SERVICES, LLC, <br> MARILYN HELTON, and STANLEY <br> F. RODEN & ASSOCIATES, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 2:12-cv-122 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ANSWER AND COUNTERCLAIM
## OF DEFENDANT DIMITRA K. CLARK

Defendant, Dimitra K. Clark ("Clark"), by and through counsel, and for answer to the Complaint filed against her by Plaintiffs, Richard Kelley and Laura Kelley (collectively, the "Plaintiffs"), states as follows:

1. The allegations contained in Paragraph 1 of the Complaint are admitted with respect to Clark only.

2. With regard to the allegations contained in Paragraph 2 of the Complaint, Clark denies any allegations that she violated the Tennessee Consumer Protection Act of 1977 and denies any allegations that she engaged in fraudulent and/or intentional misrepresentations, civil conspiracy and any illegal efforts to collect a consumer debt. The remainder of the allegations contained in Paragraph 2 of the Complaint do not contain an allegation against Clark; therefore, no response from Clark is necessary.

3. The allegations contained in Paragraph 3 of the Complaint are admitted with respect to Clark only.

4. Upon information and belief, the allegations contained in Paragraph 4 of the Complaint are admitted.

5. Upon information and belief, the allegations contained in Paragraph 5 of the Complaint are admitted.

6. The allegations contained in Paragraph 6 of the Complaint are admitted.

7. The allegations contained in Paragraph 7 of the Complaint are admitted.

8. Upon information and belief, the allegations contained in Paragraph 8 of the Complaint are admitted.

9. Upon information and belief, the allegations contained in Paragraph 9 of the Complaint are admitted.

10. Upon information and belief, the allegations contained in Paragraph 10 of the Complaint are admitted.

11. The allegations contained in Paragraph 11 of the Complaint are admitted. For further answer, Clark avers that Defendant, National Fitness Center, Inc. ("NFC"), received a judgment against the Plaintiffs in the General Sessions Court of Hamblen County, Tennessee in relation to the claims discussed in Paragraph 11 of the Complaint and that such claims are presently pending before the Circuit Court of Hamblen County on appeal.

12. The allegations contained in Paragraph 12 of the Complaint are admitted.

13. The allegations contained in Paragraph 13 of the Complaint do not contain an allegation against Clark; therefore, no response from Clark is necessary.

14. With regard to the allegations contained in Paragraph 14 of the Complaint, it is

2

admitted only that **Exhibit 1** speaks for itself. Clark admits that she signed a sworn Affidavit which was notarized by Defendant Helton and filed with a Civil Warrant against the Plaintiffs in state court on or about March 28, 2011. The remaining allegations contained in Paragraph 14 of the Complaint do not contain an allegation against Clark; therefore, no response from Clark is necessary.

15. With regard to the allegations contained in Paragraph 15 of the Complaint, it is admitted only that **Exhibit 1** speaks for itself.

16. The allegations contained Paragraph 16 of the Complaint do not contain an allegation against Clark; therefore, no response from Clark is necessary.

17. The allegations contained Paragraph 17 of the Complaint do not contain an allegation against Clark; therefore, no response from Clark is necessary.

18. With regard to the allegations contained in Paragraph 18 of the complaint, it is admitted only that **Exhibit 1** speaks for itself.

19. With regard to the allegations contained in Paragraph 19, it is admitted only that **Exhibit 2** speaks for itself. Clark denies the allegations contained in Paragraph 19 of the Complaint to the extent that they are inconsistent with the terms of the Health Club Agreement.

20. With regard to the allegations contained in Paragraph 20 of the Complaint, it is admitted only that Tenn. Code Ann. § 47-18-305(a)(5)(B)(iii) speaks for itself.

21. With regard to the allegations contained in Paragraph 21 of the Complaint, it is admitted only that the Health Club Agreement signed by the Plaintiffs speaks for itself. Clark denies the allegations contained in Paragraph 21 of the Complaint to the extent that they are inconsistent with the terms of the Health Club Agreement. Clark denies all remaining allegations in Paragraph 21 of the Complaint.

22. The allegations contained Paragraph 22 of the Complaint do not contain an allegation against Clark; therefore, no response from Clark is necessary.

23. The allegations contained Paragraph 23 of the Complaint do not contain an allegation against Clark; therefore, no response from Clark is necessary.

24. The allegations contained Paragraph 24 of the Complaint do not contain an allegation against Clark; therefore, no response from Clark is necessary.

25. The allegations contained Paragraph 25 of the Complaint do not contain an allegation against Clark; therefore, no response from Clark is necessary.

26. The allegations contained Paragraph 26 of the Complaint do not contain an allegation against Clark; therefore, no response from Clark is necessary.

27. The allegations contained Paragraph 27 of the Complaint do not contain an allegation against Clark; therefore, no response from Clark is necessary.

28. The allegations contained Paragraph 28 of the Complaint do not contain an allegation against Clark; therefore, no response from Clark is necessary.

29. The allegations contained in Paragraph 29 of the Complaint are denied and strict proof thereof is demanded. Clark affirmatively avers that she signed the sworn Affidavit on March 14, 2011.

30. With regard to the allegations contained in Paragraph 30 of the Complaint, it is admitted only that the sworn Affidavit speaks for itself.

31. With regard to the allegations contained in Paragraph 31 of the Complaint, it is admitted only that the sworn Affidavit speaks for itself.

32. The allegations contained in Paragraph 32 of the Complaint are denied and strict proof thereof is demanded.

33. The allegations contained in Paragraph 33 of the Complaint are denied and strict proof thereof is demanded.

34. The allegations contained in Paragraph 34 of the Complaint are denied and strict proof thereof is demanded.

35. The allegations contained in Paragraph 35 of the Complaint are denied and strict proof thereof is demanded.

36. The allegations contained in Paragraph 36 of the Complaint are denied and strict proof thereof is demanded.

37. The allegations contained in Paragraph 37 of the Complaint are denied and strict proof thereof is demanded.

38. The allegations contained in Paragraph 38 of the Complaint are denied and strict proof thereof is demanded.

39. The allegations contained in Paragraph 39 of the Complaint are denied and strict proof thereof is demanded.

40. The allegations contained in Paragraph 40 of the Complaint are denied and strict proof thereof is demanded.

41. The allegations contained in Paragraph 41 of the Complaint are denied and strict proof thereof is demanded.

42. With regard to the allegations contained in Paragraph 42 of the Complaint, it is admitted only that Tenn. Code Ann. § 8-18-101 speaks for itself.

43. With regard to the allegations contained in Paragraph 43 of the Complaint, it is admitted only that Tenn. Code Ann. § 8-16-101 speaks for itself.

44. With regard to the allegations contained in Paragraph 44 of the Complaint, it is

admitted only that Tenn. Code Ann. § 8-16-112 speaks for itself.

45. With regard to the allegations contained in Paragraph 45 of the Complaint, it is admitted only that the March 2006 edition of the Tennessee Notary Public Handbook speaks for itself.

46. The allegations contained in Paragraph 46 of the Complaint are denied and strict proof thereof is demanded.

47. The allegations contained in Paragraph 47 of the Complaint are denied and strict proof thereof is demanded.

48. With regard to the allegations contained in Paragraph 48 of the Complaint, it is admitted only that a copy of the affidavit signed by Clark was attached to the Civil Warrant filed by NFC against the Plaintiffs. The remainder of the allegations contained in Paragraph 48 of the Complaint are denied and strict proof thereof is demanded.

49. The allegations contained in Paragraph 49 of the Complaint are denied and strict proof thereof is demanded.

50. The allegations contained in Paragraph 50 of the Complaint are denied and strict proof thereof is demanded.

51. The allegations contained in Paragraph 51 of the Complaint are denied and strict proof thereof is demanded.

52. The allegations contained in Paragraph 52 of the Complaint are denied and strict proof thereof is demanded.

53. The allegations contained in Paragraph 53 of the Complaint are denied and strict proof thereof is demanded.

54. The allegations contained Paragraph 54 of the Complaint do not contain an

allegation against Clark; therefore, no response from Clark is necessary. Clark avers that she did not sign a form affidavit outside of the presence of a notary public.

55. The allegations contained Paragraph 55 of the Complaint do not contain an allegation against Clark; therefore, no response from Clark is necessary. Clark avers that she did not sign an affidavit outside of the presence of a notary public and did not sign an affidavit without having the knowledge and ability to do so as to the correctness of the amount alleged therein to be owed.

56. The allegations contained Paragraph 56 of the Complaint do not contain an allegation against Clark; therefore, no response from Clark is necessary. Clark avers that she did not engage in signing fraudulent affidavits.

57. The allegations contained in Paragraph 57 of the Complaint do not contain an allegation against Clark; therefore, no response from Clark is necessary. Clark avers that she did not engage in signing fraudulent affidavits.

58. The allegations contained in Paragraph 58 of the Complaint do not contain an allegation against Clark; therefore, no response from Clark is necessary. Clark avers that she did not engage in signing fraudulent affidavits.

59. With regard to the allegations contained in Paragraph 59 of the Complaint, it is denied that the sworn Affidavit signed by Clark contained allegations of facts which were not in the possession of Clark and that such sworn Affidavit violated Tennessee state law. The remainder of the allegations contained in Paragraph 59 of the Complaint do not contain an allegation against Clark; therefore, no response from Clark is necessary.

60. With regard to the allegations contained in Paragraph 60 of the Complaint, it is denied that the sworn Affidavit signed by Clark contained fraudulent and/or intentional

7

misrepresentations, and it is denied that Clark alleged facts not in her possession. The remainder of the allegations contained in Paragraph 60 of the Complaint do not contain an allegation against Clark; therefore, no response from Clark is necessary.

61. With regard to the allegations contained in Paragraph 61 of the Complaint, it is denied that the sworn Affidavit signed by Clark contains fraudulent and/or intentional misrepresentations made by Defendants Helton and Clark regarding Clark's signing of the sworn Affidavit in Helton's presence and strict proof thereof is demanded. Clark affirmatively avers that she did sign the sworn Affidavit in the presence of Helton. The remainder of the allegations contained in Paragraph 61 of the Complaint do not contain an allegation against Clark; therefore, no response from Clark is necessary.

62. With regard to the allegations contained in Paragraph 62 of the Complaint, it is admitted only that Tenn. Code Ann. § 47-18-301(4)(A) speaks for itself.

63. With regard to the allegations contained in Paragraph 63 of the Complaint, it is admitted only that Tenn. Code Ann. § 47-18-302(a) speaks for itself.

64. With regard to the allegations contained in Paragraph 64 of the Complaint, it is admitted only that Tenn. Code Ann. § 47-18-302(b) speaks for itself.

65. With regard to the allegations contained in Paragraph 65 of the Complaint, it is admitted only that Tenn. Code Ann. § 47-18-303(2) speaks for itself.

66. The allegations contained in Paragraph 66 of the Complaint do not contain an allegation against Clark; therefore, no response from Clark is necessary.

67. The allegations contained in Paragraph 67 of the Complaint do not contain an allegation against Clark; therefore, no response from Clark is necessary.

68. The allegations contained in Paragraph 68 of the Complaint do not contain an

allegation against Clark; therefore, no response from Clark is necessary.

69. The allegations contained in Paragraph 69 of the Complaint do not contain an allegation against Clark; therefore, no response from Clark is necessary.

70. The allegations contained in Paragraph 70 of the Complaint do not contain an allegation against Clark; therefore, no response from Clark is necessary.

71. The allegations contained in Paragraph 71 of the Complaint are denied and strict proof thereof is demanded.

72. The allegations contained in Paragraph 72 of the Complaint are denied and strict proof thereof is demanded.

73. The allegations contained in Paragraph 73 of the Complaint do not contain an allegation against Clark; therefore, no response from Clark is necessary.

74. The allegations contained in Paragraph 74 of the Complaint do not contain an allegation against Clark; therefore, no response from Clark is necessary.

75. The allegations contained in Paragraph 75 of the Complaint do not contain an allegation against Clark; therefore, no response from Clark is necessary.

76. The allegations contained in Paragraph 76 of the Complaint do not contain an allegation against Clark; therefore, no response from Clark is necessary.

77. With respect to the allegations contained in Paragraph 77 of the Complaint, it is admitted only that U.S. Const. amend. VII and Fed. R. Civ. P. 38 speak for themselves.

78. Clark's responses to the allegations set forth above are reaffirmed and incorporated by reference as if fully set forth herein.

79. The allegations contained in Paragraph 79 of the Complaint do not contain an allegation against Clark; therefore, no response from Clark is necessary.

9

Case 2:12-cv-00122   Document 7   Filed 04/30/12   Page 9 of 16   PageID #: 67

80. The allegations contained in Paragraph 80 of the Complaint do not contain an allegation against Clark; therefore, no response from Clark is necessary.

81. Clark's responses to the allegations set forth above are reaffirmed and incorporated by reference as if fully set forth herein.

82. Paragraph 82 of the Complaint contains a legal conclusion rather than a factual allegation; therefore, no response from Clark is necessary. For further answer, any and all allegations of "negligent, wanton, reckless, and/or intentional hiring and supervision of incompetent collection agents" set forth in the Complaint and, specifically, in Paragraph 82 of the Complaint, are denied and strict proof thereof is demanded.

83. With regard to the allegations contained in Paragraph 83 of the Complaint, Clark denies that NFC allowed and/or encouraged her to break the law in order to collect the debt from Plaintiffs. The remaining allegations contained in Paragraph 83 of the Complaint do not contain an allegation against Clark; therefore, no response from Clark is necessary.

84. With regard to the allegations contained in Paragraph 84 of the Complaint, Clark denies engaging in any wrongful conduct, action, and/or inaction in order to collect the debt from Plaintiffs. The remaining allegations contained in Paragraph 84 of the Complaint do not contain an allegation against Clark; therefore, no response from Clark is necessary.

85. With regard to the allegations contained in Paragraph 85 of the Complaint, Clark denies that she was allowed and/or encouraged to violate the law and denies any illegal collection conduct, action and/or inaction in relation to the attempt to collect the debt from Plaintiffs. Clark denies that she is responsible to the Plaintiffs for any wrongs and denies that the Plaintiffs are entitled to damages. The remaining allegations contained in Paragraph 85 of the Complaint do not contain an allegation against Clark; therefore, no response from Clark is

necessary.

86. Clark's responses to the allegations set forth above are reaffirmed and incorporated by reference as if fully set forth herein.

87. The allegations contained in Paragraph 87 of the Complaint are denied and strict proof thereof is demanded.

88. The allegations contained in Paragraph 88 of the Complaint are denied and strict proof thereof is demanded.

89. Clark's responses to the allegations set forth above are reaffirmed and incorporated by reference as if fully set forth herein.

90. The allegations contained in Paragraph 90 of the Complaint are denied and strict proof thereof is demanded.

91. The allegations contained in Paragraph 91 of the Complaint are denied and strict proof thereof is demanded.

92. The allegations contained in Paragraph 92 of the Complaint are denied and strict proof thereof is demanded.

93. Clark's responses to the allegations set forth above are reaffirmed and incorporated by reference as if fully set forth herein.

94. The allegations contained in Paragraph 94 of the Complaint are denied and strict proof thereof is demanded.

95. The allegations contained in Paragraph 95 of the Complaint are denied and strict proof thereof is demanded.

96. Clark denies that the Plaintiffs are entitled to the relief as alleged in their prayer for relief.

97. All allegations not herein admitted or denied are denied and strict proof thereof is demanded.

98. As an affirmative defense, Clark avers that the Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

99. As further affirmative defense, Clark avers that the Plaintiffs' claims, if any, are barred by the doctrines of laches, waiver, estoppel and unclean hands.

100. Clark reserves the right to amend her answer to plead any further defenses which may be revealed during the discovery or any other phase of this case.

WHEREFORE, Defendant, Dimitra K. Clark, having fully answered all of the allegations against her, prays to be dismissed with costs assessed against the Plaintiffs and for such other and further relief to which she may be entitled.

# COUNTERCLAIM
## OF DEFENDANT DIMITRA K. CLARK

Defendant, Dimitra K. Clark ("Clark") having fully answered all of the allegations against her, assumes the role of Counter-Plaintiff and, pursuant to Rule 13, *Fed. R. Civ. P.*, for cause of action against the Plaintiffs/Counter-Defendants, Richard Kelley and Laura Kelley (collectively, the "Kelleys"), states as follows:

## PARTIES

1. Plaintiff, Clark, is a citizen and resident of Knox County, Tennessee.

2. Upon information and belief, defendant, Richard Kelley, is a citizen and resident of Hamblen County, Tennessee and may be served with process through his attorney.

3. Upon information and belief, defendant, Laura Kelley, is a citizen and resident of

Hamblen County, Tennessee and may be served with process through her attorney.

**JURISDICTION AND VENUE**

4.  Jurisdiction and venue are proper in this Court.

**FACTS**

5.  Clark is the bookkeeper of National Fitness Center, Inc. ("NFC").

6.  On or about January 3, 2006, the Kelleys entered into a Membership Agreement (the "Membership Agreement") with NFC for certain membership privileges at NFC's Morristown health club location. (A copy of the Membership Agreement is attached to the Complaint as **Exhibit 2**.)

7.  On or about March 28, 2011, NFC filed a Civil Warrant in the General Sessions Court of Hamblen County, Tennessee (the "Civil Warrant"), alleging that the Kelleys had defaulted under the Membership Agreement and owed NFC $1,859.38, plus attorney fees of $278.90, for a total of $2,138.28 (the "Collection Lawsuit"). (A copy of the Civil Warrant is attached to the Complaint as part of **Exhibit 1**.)

8.  An Affidavit of Sworn Account (the "Affidavit") executed by Clark, as bookkeeper of NFC, was attached to the Civil Warrant and filed therewith. (A copy of the Affidavit is attached to the Complaint as part of **Exhibit 1**).

9.  Clark reviewed NFC records relevant to the Kelleys' membership prior to executing the Affidavit and executed the Affidavit in front of Marilyn Helton, the notary public who acknowledged the Affidavit.

10. On or about June 14, 2011, the General Session Court of Hamblen County, Tennessee (the "General Sessions Court") entered a judgment in favor of NFC in the Collection Lawsuit against the Kelleys for default under the Membership Agreement.

12. The Kelleys have appealed the decision of the General Sessions Court to the Circuit Court for Hamblen County, Tennessee (the "Circuit Court"), and such appeal is pending as of the filing of this Counterclaim.

13. The Kelleys did not assert any counterclaim or third party claim against NFC or Clark in the Collection Lawsuit.

14. On or about March 28, 2012, while the Collection Lawsuit was still pending in the Circuit Court, the Kelleys filed a lawsuit in this Court against Clark, as well as NFC and other co-defendants, alleging, in part, that NFC and its employees and/or agents violated numerous provisions of the Tennessee Consumer Protection Act and prayed for an award of damages under Tenn. Code Ann. § 47-18-109(a)(1) and (a)(3) and an award of attorney's fees and costs under . § 47-18-109(e)(1) against each and every defendant included in the Plaintiffs' Complaint.

15. The Kelleys allege in the Complaint that Clark signed the Affidavit without reviewing any records of NFC or making any effort to determine whether the amount of debt she alleged was owed by the Kelleys in such Affidavit was correct and that Clark neither made an oath that the facts contained in the Affidavit were true, nor signed such Affidavit in front of Marilyn Helton, the notary public who acknowledged the Affidavit

16. The Kelleys' allegations against Clark contained in the Complaint are untrue and baseless.

17. Tenn. Code Ann. § 47-18-109(e)(2) provides:

> [i]n any private action commenced under this section, upon finding that the action is frivolous, without legal or factual merit, or brought for the purpose of harassment, the court may require the person instituting the action to indemnify the defendant for any damages incurred, including reasonable attorney's fees and costs.

18. The Plaintiffs' action commenced against Clark under the Tennessee Consumer

14

Protection Act was frivolous, without factual merit and, upon information and belief, brought for the purpose of harassment.

18. As a result of the Kelleys' commencement of the frivolous action against Clark under the Tennessee Consumer Protection Act, Clark has suffered and is entitled to damages, including reasonable attorney's fees and costs.

WHEREFORE, the Counter-Plaintiff, Dimitra K. Clark, prays:

1. That the Kelleys be required to respond to this Counterclaim within the time allowed by law;

2. That Clark have and recover from the Kelleys a judgment for actual damages in an exact amount to be proven at trial, together with attorney's fees and costs; and

3. That this Court award Clark such other and further relief to which she may be entitled.

Respectfully submitted this 30th day of April 2012.

**HOWARD & HOWARD, P.C.**

By: /s/ Joshua B. Bishop_____
Lewis S. Howard, Jr. (BPR #11539)
Joshua B. Bishop (BPR # 23511)

Attorneys for Defendant, Dimitra K. Clark

4820 Old Kingston Pike
Knoxville, Tennessee 37919
(865) 588-4091
(865) 588-4206 *facsimile*
lewis@howardhowardlaw.com
joshua@howardhowardlaw.com

## CERTIFICATE OF SERVICE

       I hereby certify that on April 30, 2012, a copy of the foregoing Answer and Counterclaim of Defendant Dimitra K. Clark was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular United States mail. Parties may access this filing through the Court's electronic filing system.

                                                /s/ Joshua B. Bishop
                                                Joshua B. Bishop